## STATE EX REL. HENDRICKS v. SEVENTH JUDICIAL DISTRICT COURT.

[Submitted May 14, 1894.  Decided June 4, 1894.]

COMMON-LAW NUISANCE—*Penalty—Statutory construction.*—Maintaining a common-law nuisance is not punishable by both fine and imprisonment, as the penalty therefor upon conviction is limited by the express terms of the statute (Crim. Laws, § 162) to a fine of not more than one thousand dollars, and such offense is therefore not within the operation of section 278 of the Criminal Laws providing generally for imprisonment as a penalty for common-law misdemeanors not otherwise provided for in the Criminal Laws.

STATUTORY CONSTRUCTION—When the punishment of a particular offense is specially limited to a fine such provision is paramount to a general provision which designates imprisonment as a penalty for a class of offenses within which is included the particular offense.

CERTIORARI—*Appeal.—Certiorari* as auxiliary to *habeas corpus* is a proper remedy to obtain relief from an unauthorized imprisonment imposed as a penalty upon conviction for a criminal offense. An appeal from the judgment in such case would not be an adequate remedy.

ORIGINAL PROCEEDING.  *Certiorari* to review a judgment imposing both fine and imprisonment for an offense for which only a fine was authorized.  Judgment modified.

*Middleton & Light,* for Relator.

*Henri J. Haskell, attorney general, M. J. McConnell,* and *C. H. Loud,* for Respondent.

Per CURIAM.—By a writ of *certiorari* relator seeks review of proceedings of the district court of the seventh judicial district within and for Custer county in the case of the *State of Montana* against *Fannie Hendricks,* wherein she was indicted and convicted of the offense of maintaining a common-law nuisance; and modification of the judgment rendered by said court upon said conviction, on the ground that the penalty imposed exceeded the jurisdiction of the court.  This review and modification of the judgment is sought in view of seeking discharge from imprisonment by writ of *habeas corpus* on satisfaction of the fine warranted by law.  The crime charged in the information is that of maintaining a common-law nuisance, and upon conviction under that information the court assessed a penalty of three hundred dollars fine and three months imprisonment.  Relator's counsel insist that the imprisonment imposed by said judgment is entirely unwarranted by law, and exceeds the jurisdiction of the court in that respect, because the statute (Crim. Laws, § 162; Comp. Stats., p. 578) provides the penalty upon conviction for said offense to be a fine of " not more than one thousand dollars."

On the other hand, the state's counsel contends that the judgment of imprisonment is warranted by section 278 of the Criminal Laws of this state, which provides that upon conviction of a misdemeanor at common law, not otherwise provided for in the Criminal Code, the punishment shall be by imprisonment in the county jail for a term not exceeding six months nor less than one month, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment.

It appears that the court proceeded upon this latter provision of the statute in passing sentence upon relator, but it is very clear that said section does not apply to the offense of

maintaining a common-law nuisance, because that offense, and the penalty, are especially provided for in section. 162 of the Criminal Laws, which provides that every person "who shall erect or maintain any other thing which would be a nuisance at common law, every person so offending shall, upon conviction, be fined not more than one thousand dollars." There is no conflict in these statutes, because section 278 provides the penalty in case of conviction of common-law misdemeanors not otherwise provided for in the Criminal Code. That provision, then, by its own terms, does not apply to the offense of maintaining a common-law nuisance, because the statute otherwise provides the penalty for that offense. If, however, section 278 contained no clause excepting the offenses otherwise provided for in the Criminal Code, the application of a simple rule of construction—a rule which is embodied in the Code of Civil Precedure, section 631, that a special provision shall be regarded as paramount to a general provision where the two are conflicting or inconsistent—would have led the court to sentence the prisoner under section 162 of the Criminal Laws, because that section especially provides the penalty for maintaining a common-law nuisance.

The judgment should be modified by striking out that part which imposes imprisonment in addition to the fine, and it will be so ordered. The prisoner will be entitled to discharge on satisfaction of the fine imposed.

Judgment modified.

PEMBERTON, C. J., and DE WITT, J., concur.

HARWOOD, J., concurring.—Respondent, in addition to the questions treated above, raises the point of practice that this proceeding should not be entertained to review and modify said judgment, if found in excess of the penalty prescribed by statute, because, as respondent's counsel insist, relator might obtain relief by appeal.

The review on *certiorari* as auxiliary to the writ of *habeas corpus* is proper practice, because whenever relator satisfies the judgment of fine she would be entitled to discharge instantly; and ought not to be held imprisoned, even while appealing, to

avoid the consequence of the excessive and void condition of the judgment, added to that which the law sanctions. And, if not discharged on satisfaction of the fine, the prisoner would be entitled to discharge on writ of *habeas corpus,* where it was shown, as appears from this review, that "the jurisdiction of the court had been exceeded" in sentencing the prisoner, or where the "process" requiring imprisonment "had been in a case not allowed by law," or "where the imprisonment is not authorized by any provision of law."

These provisions are quoted from the first, fourth, and sixth subdivisions of section 1183, division 5, of the Compiled Statutes, relating to the writ of *habeas corpus.* In such cases the slower process of appeal is not adequate, nor, indeed, any remedy against such unlawful imprisonment as would intervene while appeal was being prosecuted. The writ of *certiorari,* as auxiliary to the writ of *habeas corpus,* is a convenient method of bringing under review, properly authenticated, the proceedings on which the judgment is founded, and in such connection we think it is properly used.